IN THE MATTER OF THE APPPLICATION OF THE PROS-PECT PARK AND CONEY ISLAND RAILROAD COMPANY, RESPONDENT, TO ACQUIRE LAND OF THE WASHINGTON CEMETERY, APPELLANT.

*Railroad commissioners—second report of, as to damages to be awarded to owners, final and conclusive—only legal errors reviewable on appeal therefrom.*

By section 18 of chapter 140 of 1850, the second report of commissioners, appointed to appraise the damages to be paid by a railroad company to the owners of land to be taken by it, is made final and conclusive, and on an appeal therefrom only legal errors or irregularities in the proceedings of the commissioners can be considered.

The judgment of the commissioners in deciding upon the amount of damages to be allowed cannot be reviewed.

APPEAL from an order confirming the report of commissioners,

awarding a nominal compensation of one dollar to the appellant for its land, used by the railroad company for their road.

It appeared that Gravesend avenue was opened and constructed from the city of Brooklyn, through the towns of Gravesend and New Utrecht to Coney Island, the expense thereof being assessed upon the owners of adjoining lands.

The appellants owned their lands for cemetery purposes since 1850. The avenue divided the cemetery so that two-thirds was on the west and one-third on the east.

After the law was passed for opening and constructing the avenue, the railroad company, by amendments to the law, was permitted to use the avenue for the transportation of freight and passengers by steam. And they claimed the right to so use it without making compensation to the appellants, but the court decided otherwise. (*Washington Cemetery* v. *P. P. and C. I. R. R. Co.*, 7 Hun, 655; affirmed, 68 N. Y., 591.)

After those decisions the company applied for a commission, who awarded to the Cemetery $5,500 for their property taken, and, on appeal by the company, Justice GILBERT set aside the award and appointed a new commission, who awarded the Cemetery the nominal amount of one dollar, from the order confirming whose award this appeal is taken.

*D. P. Barnard*, for the appellant. The commissioners' award of nominal damages was erroneous. This has already been decided by this General Term, upon full consideration, in the case of this same *Railroad Company* v. *Moynahan et al.*, which report was confirmed by Judge PRATT at the same time that our report was. (See 13 Hun, 345; 16 id., 261.) Section 18 of chapter 140 of 1850 does not deprive the appellant of the right to appeal from the report of the commissioners, though it is the second report that has been made. (Code of Civil Procedure, § 349; *The People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 418; *Bank of Geneva* v. *Reynolds*, 33 id., 160; *King* v. *Mayor, etc., of N. Y.*, 36 id., 182; *In re Mayor, etc., of New York*, 49 id., 150.)

*John H. Bergen*, for the railroad company, respondent. This appeal should be dismissed. No appeal will lie from the second

report; the statute makes it final and conclusive. (General R. R. Law, § 18; *McAllister* v. *The Albion P. R. Co.*, 10 N. Y., 353; *The People ex rel. S. and N. H. R. R. Co.* v. *Betts*, 55 id., 600; *Matter of N. Y. C. R. R. Co.*, 64 id., 60; *In re N. Y. C. R. R. Co.* v. *Marvin*, 1 Kern., 276.)

BARNARD, P. J.:

No point of fraud, mistake, irregularity or misconduct on the part of the commissioners is made in these proceedings. The commissioners decided, as matter of fact upon all the evidence before them, that the appellant's damages were nominal.

It does not appear that the commissioners proceeded upon any erroneous rule, but it does appear that all the proceedings were regular.

This being a second report, it is not easy to see how any effect can be given to section 18 of the statute (chap. 140 of 1850) under which this matter falls, unless it is held that the amount fixed by the commissioners shall be held final and conclusive.

Undoubtedly the order of confirmation is appealable, and if any legal error could be pointed out, it would be competent for the court to reverse it, but this cannot be done as a matter of discretion, as in the case of a first report.

Suppose a statute provided that the verdict of a jury should be final and conclusive upon a certain question of damages, would it be claimed that the court could not set it aside for errors committed upon the trial or for misconduct of the jury ?

So here, all errors are the proper subject of review upon appeal, but not the mere question of amount of damages. That question has been confided to the commissioners, and so long as they violate no rule of law their finding is conclusive.

The order should be affirmed, with costs.

Present—BARNARD, P. J., and GILBERT, J.; PRATT, J., not sitting.

Order affirmed, with costs and disbursements.